1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9   GLEN CALDWELL,

10                Plaintiff,                    No. CIV S-04-2693 MCE GGH PS

11        vs.

12   CHAN, et al.,

13                Defendants.              FINDINGS & RECOMMENDATIONS

14   _____/

15        Previously pending on this court's law and motion calendar for October 27, 2005,

16   was defendants' motion to dismiss, or in the alternative, for a more definite statement, filed

17   September 26, 2005.  Plaintiff, proceeding pro se, has not filed an opposition and did not appear

18   at hearing.[1]  Upon review of the motion and the documents in support, and good cause appearing

19   therefor, THE COURT FINDS AS FOLLOWS:

20        Local Rule 78-230(c) provides that opposition to the granting of a motion must be

21   filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party

22   will be entitled to be heard in opposition to a motion at oral arguments if written opposition to

23   the motion has not been timely filed by that party."  Pursuant to E. D. Local Rule 78-230(j),

24   failure to appear at the hearing is deemed a statement of non-opposition to the granting of the

25   _____

26        [1] Defense counsel also did not appear at hearing.

1  motion and may result in sanctions.  Local Rule 11-110 provides that failure to comply with the

2  Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or

3  Rule or within the inherent power of the Court."  Finally, Local Rule 83-183, governing persons

4  appearing in propria persona, provides that persons representing themselves are bound by the

5  Federal Rules and the Local Rules and failure to comply therewith may be ground for dismissal,

6  judgment by default, or other appropriate sanction.

7           By order of July 19, 2005, plaintiff was cautioned that failure to obey local rules

8  or orders of this court might result in dismissal of this action.  Plaintiff has filed no opposition,

9  although court records reflect plaintiff was properly served with notice of the hearing date at

10  plaintiff's address of record.  Plaintiff also failed to appear at the hearing.  Plaintiff has

11  previously failed to follow this court's orders in regard to amending his complaint, and has been

12  warned that the result of failure to follow court orders might be a recommendation of dismissal.

13  See Order, filed December 23, 2004; Findings and Recommendations, filed February 15, 2005;

14  Order, filed May 3, 2005.  Pursuant to this court's prior orders and the local rules, therefore, the

15  court deems the failure to file an opposition as a non-opposition to the pending motion.

16           "Failure to follow a district court's local rules is a proper ground for dismissal."

17  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).[2]  The court should consider: (1) the public's

18  interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the

19  risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their

20  merits, and (5) the availability of less drastic sanctions. Pro se litigants are bound by the rules of

21  procedure, even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d

22  565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

23  \\\\\

24

---

25           [2]  Moreover, failure to obey court orders is a separate and distinct ground for imposing the
    sanction of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.
26  1987) (setting forth same factors for consideration as Ghazali).

1    In determining to recommend that this action be dismissed, the court has
2 considered the factors set forth in Ghazali.   "The first two of these factors favor the imposition
3 of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the
4 key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d
5 652, 656 (9th Cir.1990).  Defendants are prejudiced by the inability to reply to opposition.
6 Moreover, delay is nearly always prejudicial.  The court has repeatedly advised plaintiff of the
7 requirements under the Local Rules and that this action is subject to dismissal, all to no avail.
8 The court therefore concludes that there is no suitable alternative less drastic sanction to
9 dismissal.

10    Furthermore, a district court may dismiss an action for failure to prosecute
11 pursuant to Federal Rule of Civil Procedure 41(b). Link v. Wabash R.R., 370 U.S. 626, 633
12 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).  The public's interest in
13 expeditious resolution of litigation and  the court's need to manage its docket direct that this case
14 be dismissed.  Moreover, plaintiff has done nothing to lessen the risk of prejudice to the
15 defendants, and has prevented this court from disposing of his case on the merits.  The court has
16 repeatedly advised plaintiff of the Local Rules requirements, warned that this action is subject to
17 dismissal, and given plaintiff ample opportunity to prosecute the action, all to no avail.  The
18 court therefore concludes that there is no suitable less drastic sanction.  Plaintiff has failed to
19 prosecute this action.

20    Moreover, the court has reviewed defendants' motion, and finds that it has merit.

21    Accordingly, IT IS RECOMMENDED that this action be dismissed with
22 prejudice pursuant to Federal Rule of Civil Procedure 41(b).

23    These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
25 (10) days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.  Such a document should be captioned

3

1  "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the objections

2  shall be served and filed within ten (10) days after service of the objections.  The parties are

3  advised that failure to file objections within the specified time may waive the right to appeal the

4  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5  DATED: 11/22/05

                                                          /s/ Gregory G. Hollows
6                                             _____
                                              UNITED STATES MAGISTRATE JUDGE
7  GGH:076
   cald2693.mtd.wpd
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26